**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.: 3:22cv109-GHD-RP**
                                                               **JURY TRIAL DEMANDED**

**BAILEY'S TRUCKING, LLC, et al.**                                   **DEFENDANT**

**DEFENDANT'S JOINT ANSWER AND AFFIRMATIVE DEFENSES**

The Defendant, Bailey's Trucking, LLC, joins the Answer filed by Xavier Bailey, by and through Defendant Bailey Trucking, LLC's attorney of record, Victoria V. Washington. Therefore, it responds as follows to the allegations of the Complaint:

1. It is admitted that the United States has brought this action under FCA and common law to recover alleged damages and civil penalties.

2. Defendant admits that this Court has subject matter jurisdiction to hear this Complaint.

3. Defendant admits that this court has personal jurisdiction over Defendant Bailey Trucking, LLC since the business can be found in the Northern District.

4. Defendant admits the venue is proper in the Northern District of Mississippi. Defendant Trucking Bailey cannot admit nor deny at this time whether the venue is proper in the Oxford Division. Therefore, it denies that the venue is proper in the Oxford Division.

5. Paragraph number 5 is admitted.

1

6. Paragraph number 6 is admitted.

7. Paragraph number 7 is admitted.

8. The Defendant is without sufficient knowledge to either admit or deny paragraph 8, therefore it is denied.

9. The Defendant is without sufficient knowledge to either admit or deny paragraph 9, therefore it is denied.

10. The Defendant is without sufficient knowledge to either admit or deny paragraph 10, therefore it is denied.

11. The Defendant is without sufficient knowledge to either admit or deny paragraph 11, therefore it is denied.

12. The Defendant is without sufficient knowledge to either admit or deny paragraph 12 and all subparts, A-K; therefore, they are denied.

## The False Claims Act

13. The Defendant is without sufficient knowledge to either admit or deny paragraph 13, therefore it is denied.

14. The Defendant is without sufficient knowledge to either admit or deny paragraph 14, therefore it is denied.

15. The Defendant is without sufficient knowledge to either admit or deny paragraph 15, therefore it is denied.

16. The Defendant is without sufficient knowledge to either admit or deny paragraph 16, therefore it is denied.

17. Defendant is without sufficient knowledge to either admit or deny paragraph 17, therefore it is denied.

## Allegations

18. Defendant is without sufficient knowledge to either admit or deny the first sentence in paragraph 18; therefore, it is denied. The last sentence of paragraph 18 is a legal conclusion that does not require a response. Out of an abundance of caution, it is also denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Defendant is without sufficient knowledge to either admit or deny paragraph 22; therefore, it is denied.

23. It is admitted that on or about March 18, 2022, someone spoke with Xavier Bailey. The defendant is without sufficient knowledge to either admit or deny that individual's employment title. Therefore, the remainder of this paragraph is denied.

24. The Defendant is without sufficient knowledge to either admit or deny exact remarks made during the conversation mentioned in Paragraph 24 of the complaint. Therefore, it is denied. Defendant further denies all of paragraph 24 subparts that include A-E.

25. Paragraph 25 is denied.

## COUNT 1

26. The allegations in paragraph 26, located under the heading "Count I" are denied.

27. The allegations in paragraph 27, located under the heading "Count I" are denied

28. The allegations in paragraph 28, located under the heading "Count I" are denied.

## COUNT II

29. The allegations in paragraph 29, located under the heading "Count II" are denied

30. The allegations in paragraph 30, located under the heading "Count II" are denied.

31. The allegations in paragraph 31, located under the heading "Count II" is a legal conclusion that does not require a response. Out of an abundance of caution, that allegation is denied.

## COUNT III

32. The allegations in paragraph 32, located under the heading "Count III" are denied.

33. The allegations in paragraph 33, located under heading "Count III" is a legal conclusion that does not require a response. Out of an abundance of caution, that allegation is denied.

## COUNT IV

34. The allegations in paragraph 34, located under heading, "Count IV," is a legal conclusion that does not require a response. Out of an abundance of caution, that allegation is denied.

35. The allegations in paragraph 35, located under heading, "Count IV," is a legal conclusion that does not require a response. Out of an abundance of caution, that allegation is denied.

36. The allegations in paragraph 36, located under heading, "Count IV," is a legal conclusion that does not require a response. Out of an abundance of caution, that allegation is denied.

37. The allegations in paragraph 37, located under heading "Count IV" is a legal

conclusion that does not require a response. Out of an abundance of caution, that allegation is denied.

38. The allegations in paragraph 38, located under heading "Count IV" is a legal conclusion that does not require a response. Out of an abundance of caution, that allegation is denied.

## PRAYERS FOR RELIEF AND JURY DEMAND

39. The requests made and any factual allegation made in the section titled "Prayer for Relief and Jury Demand" do not require a response. Out of an abundance of caution, the content of this Complaint section is denied, including subparts (a)-(e).

40. The Defendant also demands a trial by jury.

## AFFIRMATIVE DEFENSES

Having fully answered the allegations in the Complaint, the Defendants set forth the following affirmative defenses:

## FIRST DEFENSE

The Complaint fails to allege sufficient facts to constitute a cause of action on which relief can be granted to Plaintiff against Defendant Bailey Trucking, LLC, under the False Claims Act or any other law.

## SECOND DEFENSE

Defendants invoke the defenses, protections, and limitations of the Federal False Claims Act.

## THIRD DEFENSE

Plaintiff has not suffered an injury or damages; therefore, it is not entitled to compensatory

damages, litigation costs, and/or attorneys' fees, or any other damages, penalties, or awards.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's statements or actions were not the proximate cause of any injury or alleged loss to Plaintiff.

## FIFTH DEFENSE

All actions taken by Defendant concerning the matters alleged were taken in good faith hence his actions lack the requisite knowledge requirement demanded by state and federal statutes.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has complied with all applicable and material statutes, regulations, standards, specifications, and laws of the federal and state governments.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not directly or indirectly engage in any conduct violating state or federal law.

## EIGHTH DEFENSE

Plaintiff has failed to join all necessary parties, specifically Blue Ridge Bank and other unknown entities.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Government and/or third party owes contribution for damages alleged to have been suffered by Plaintiff.

## TENTH DEFENSE

Plaintiff claims are barred as a matter of law since the complaint makes numerous false

claims.

## ELEVENTH DEFENSE

Although the Complaint is groundless and without merit, if the court finds there is a contestable issue, Plaintiff is barred from recovery herein in that the conduct of Plaintiff, and other persons unknown to this answering Defendant, constituted a supervening, intervening cause of the damages, injuries and losses allegedly sustained by Plaintiff.

## TWELFTH DEFENSE

Plaintiff failed to specifically allege the representations that supposedly constituted the fraud.

## THIRTEENTH DEFENSE

Defendant asserts that Plaintiff, Blue Ridge Bank, or other third parties breached their contract or fiduciary duty to Defendant making them liable for any damages real and accrued.

## FOURTEENTH DEFENSE

Defendant reserves the right to plead further herein and specifically reserves the right to amend his Answer to assert any additional defenses which may be disclosed during discovery or as they may be determined by proceeding further in this matter.

**AND NOW**, having fully responded to Plaintiff's Complaint, and having alleged affirmative matters in response thereto, Defendant Bailey's Trucking, LLC again denies that it is liable to Plaintiff for damages in any amount and respectfully requests that this action be dismissed with prejudice and that all costs be assessed to Plaintiff.

Respectfully submitted,

BY: /s/ Victoria V. Washington

Victoria V. Washington, MSB#104843
**THE WASHINGTON LAW FIRM, PLLC**
8869 Centre Street, Suite D
P. O. Box 2228
Southaven, Mississippi 38671
Phone: (662) 655-5165
Fax: (662) 510-0347
E-Mail: VW@Washingtonlawfirmpllc.com

## CERTIFICATE OF SERVICE

I, Victoria V. Washington, Attorney for Defendant, do hereby certify that I have on this date electronically filed the preceding "*Bailey Trucking, LLC's Answer to Complaint*" with the Clerk of the United States District Court using the ECF system, which sent notification of such filing to Mr. Joseph Webster, Jr., Assistant United States Attorney, at Joseph.Webster@usdoj.gov.

This 19th day of September 2022.

    /s/ **Victoria V. Washington**, MSB #104843
    Victoria V. Washington, MSB#104843

_