IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

V.                                                        NO: 3:22CV109-GHD-RP

BAILEY'S TRUCKING LLC AND
XAVIER BAILEY, INDIVIDUALLY                                     DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court is the Plaintiff United States of America's Motion for Summary Judgment [32]. The Defendants have not responded in opposition to the present motion, and upon due consideration of the motion and applicable authority, the Court hereby grants Plaintiff's Motion for Summary Judgment [32].

### Factual Background

The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and its Paycheck Protection Program ("PPP") were enacted by Congress on or around March 27, 2020, to assist businesses impacted by the Coronavirus pandemic. The funds used in this program were issued by lending institutions, such as banks, and were guaranteed by the U.S. Treasury's Small Business Association ("SBA"). A business receiving the benefit of this program was required to, among other things, provide average monthly payroll expenses and the number of employees. Once the money was received by the business, the proceeds were required to be used on certain expenses, such as payroll, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal of the PPP loans to be forgiven if the business used the proceeds on these specific expenses within a certain period of time and used a defined portion of the loan proceeds on payroll expenses.

1

Defendant Bailey's Trucking LLC, by and through its sole owner Xavier Bailey, applied for and obtained a PPP loan of $143,738 on or about April 8, 2021. The SBA paid the lending institution a 5% processing fee in connection with the PPP loan of $7,187. The loan accumulated $846 in interest before the loan and interest were forgiven.

The Plaintiff, the United States of America, has sued the Defendants, alleging claims of violating the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and 31 U.S.C. § 3729(a)(1)(B), unjust enrichment, and payment by mistake. All of these claims essentially assert that the Defendants' PPP applications and accompanying submissions were false and that these falsities led to the Defendants obtaining the PPP proceeds and the following PPP loan forgiveness.

**Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id*. "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332

2

F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Discussion

The Court will first discuss the alleged violation of the False Claims Act. The Fifth Circuit has adopted a four-factor test for determining whether a violation of the False Claims Act has occurred:

> (1) whether there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim).

*U.S. ex rel. Longhi v. Lithium Power Techs., Inc.*, 575 F.3d 458, 467 (5th Cir. 2009) (citations and quotations omitted).

3

The evidence presented to the Court establishes that the Defendants sought a PPP loan that they did not qualify for by submitting false claims, certifications, and information in order to obtain the $143,738 loan and $144,584 in loan forgiveness and also caused the Plaintiff to pay a 5% processing fee to the lending bank. Defendants' claims were "factually false" as the information provided to the government for the loan and reimbursement were inaccurate. *U.S. ex rel. Ruscher v. Omnicare, Inc.*, 663 F. App'x 368, 373 (5th Cir. 2016).

The undisputed record evidence shows that the loan application contained multiple instances of false information. Defendant Bailey, on behalf of Bailey's Trucking, certified in the PPP application that Bailey's Trucking was in operation on or prior to February 15, 2020, as required by the CARES Act. Defendant Bailey admits in his deposition testimony that this was not true. Bailey's Trucking LLC was not registered as a business until December 2020 and did not begin operations until 2021. The record further shows that Bailey never reported any payment on a Form 1099-MISC to any of his alleged truck drivers, which he testified were his "employees," but the CARES Act does not permit 1099 workers to be considered employees. Bailey has not provided proof of actual payroll amounts listed on the loan application or any other supporting documents. Further, Bailey states that the $159,823.33 listed as "wages, tips and other compensation" for Bailey's Trucking on the PPP documentation was inaccurate as Bailey's LLC "did not make a dime during that time." [32 - Exhibit A – Deposition of Xavier Bailey at 47:7-12]. The evidence establishes that Bailey did not have qualified employees or an eligible payroll as his application certified that he did.

The record further establishes that Bailey used the obtained PPP proceeds in non-conformity with the PPP rules by paying for "maintenance, fuel, insurance, truck payments" rather than payroll, utilities and other covered items. *Id.* at 27:1-3. Defendant Bailey later certified that

4

the PPP proceeds had been used in conformity with the rules so that the loan amount would be forgiven. Bailey has provided no evidence or argument that he ever had a payroll during this period, and as the Court noted, he has testified that he did not. This shows that the forgiveness application stating that $143,737.50 had been used on payroll costs was false.

The false information contained in the Defendants' submission directly caused the government to pay out the proceeds and later forgive the loan. Defendant Bailey certified that the information was true and accurate and that the funds were used in accordance with PPP rules. The loan was both issued and forgiven based on the documentation submitted by the Defendants, and Defendant Bailey testified that everything involving this PPP loan was completed by him, and as the sole owner and operator of Bailey's Trucking LLC, Xavier Bailey is responsible for the improper loan having been issued and forgiven. Since the Plaintiff has proven Baileys' participation in the false claims, Defendant Bailey is jointly and severally liable as a matter of law. See *U.S. ex rel. Drummond v. BestCare Lab. Servs., L.L.C.*, 950 F.3d 277, 284-85 (5th Cir. 2020).

The Plaintiff has further established that the false statements and conduct was material. The declaration submitted by the lending bank, Blue Ridge Bank, states that the PPP loan would not have been issued if truthful information had been on the application. "All that is required under the test for materiality, therefore, is that the false or fraudulent statements have the potential to influence the government's decisions." *U.S. ex rel. Longhi v. U.S.*, 575 F.3d 458, 470 (5th Cir. 2009). Bailey submitted information that he now admits was false, information that was used to calculate the dollar amount of PPP loans to be issued. It is obvious from the evidence presented to the Court that the false submissions by the Defendants directly led to the improper loan and following forgiveness to be approved, as the information led to the Defendants falsely appearing to qualify under the CARES act.

5

The False Claims Act imposes liability on a person who submits a false claim to the government with "actual knowledge," "deliberate ignorance," or "reckless disregard of the truth." 31 U.S.C. § 3729(a)(1)(A)-(B), (b)(1)(A)(i)-(iii); see also *U.S. ex rel. Longhi v. Lithium Power Techs., Inc.*, 513 F. Supp. 2d 866, 875 (S.D. Tex. 2007) (describing the three types of scienter as (1) actual knowledge; (2) "constructive knowledge;" and (3) "gross negligence plus"). "[N]o proof of specific intent to defraud" is "require[d]." 31 U.S.C. § 3729(b)(1)(B).

Defendant Bailey's own admissions in his testimony show that he had knowledge that the claims he was submitting were false. Bailey could have possibly had a deliberate ignorance about the fact that a requirement under the CARES Act was that the business applying for PPP loans must have been in business on or before February 15, 2020. Failing to read the PPP's rules is not a defense to these claims, as failing to do so is just a showing of deliberate ignorance of the rules. However, Bailey had actual knowledge that the information he was submitting was false as established in his testimony. Further, Bailey testified that at least a portion of the funds were used in improper ways not permitted by the PPP. Failing to investigate or research the PPP requirements, regulations, and rules is not a defense to establishing the requisite scienter. Simple inquiries would have allowed Bailey to see that the claims being submitted were false, and in fact, the evidence shows that Bailey was aware of at least the majority of falsities being submitted, as Bailey states that he submitted the loan without any help and that he is the sole owner and operator of Bailey's Trucking. Other simple inquiries would have made Bailey aware that the wrongfully obtained loan funds were used on improper expenses, but again, at the very least, Bailey's deliberate ignorance of the rules is not a defense, as Bailey wrongfully certified that the funds were used properly.

It is clear to the Court that all elements of a false claim violation have been established as to both claims, the claim of wrongfully obtaining the PPP loan and the claim of having the PPP loan wrongfully forgiven, of violating the False Claims Act under 31 U.S.C. § 3729(a)(1)(A) and 31 U.S.C. § 3729(a)(1)(B). There is no evidence in the record demonstrating that a material question of fact exists as to these claims, and thus, summary judgment is warranted in favor of the Plaintiff. The Court finds no reason to discuss the remaining claims of unjust enrichment and payment by mistake, as the Plaintiff acknowledges that they are seeking, and entitled to, only one recovery. The recovery sought under all claims is the same, and therefore since summary judgment is granted in favor of the Plaintiff as to the False Claims Act, the remaining claims are subsumed within the Court's decision under the False Claims Act. As the Fifth Circuit stated in *Drummond v. BestCare Laboratory Services, LLC*, "[b]oth sets of awards arise from the same underlying conduct, so the Government is entitled to recover only once." *Id.*, 950 F.3d 277, 284 (5th Cir. 2020).

The value of damages is "the amount that was paid out by reason of the false claim." *U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 473 (5th Cir. 2009) (citing *U.S. v. Aerodex, Inc.*, 469 F.2d 1003, 1011 (5th Cir. 1972)). That amount is then trebled pursuant to the terms of the False Claims Act. 31 U.S.C. § 3729(a)(1).

The Plaintiff's damages begin with reimbursement for the fraudulently obtained loan, and the Defendants have not argued or proven there to be any offsets. Defendants obtained $143,738 for the loan and accumulated $846 in interest until the loans were forgiven, and there were $7,187 in fees paid by the Plaintiff to the lending bank for a total amount of $151,771. The Court then, as required, trebles these damages to equal $455,313.

This Court is also charged with assessing the civil penalty amount under the False Claims Act. The Plaintiff argues for the imposition of two separate civil penalties for the two violations of the False Claims Act, the false claim leading to the loan and the false claim leading to the loan's forgiveness. The Plaintiff seems to have stated its willingness to accept the minimum penalty of $13,508 for each violation, and the Court will therefore impose a civil penalty of $13,508 for each violation of the False Claims Act, for a total civil penalty of $27,016. The liability, damages, and civil penalties will be joint and several between the two Defendants.

## Conclusion

For the reasons stated above, the Plaintiff's Motion for Summary Judgment [32] is GRANTED.

An order in accordance with this opinion shall issue this day.

This, the __15th__ day of September, 2023.

_/s/ Glen H. Davidson_
SENIOR U.S. DISTRICT JUDGE